IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **GRECIA ESTATE HOLDINGS LLC,** Plaintiff, v. **FIRST NATIONAL BANK TEXAS,** Defendant. | Case No. 6:21-cv-00830 JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

1. Grecia Estate Holdings LLC ("Grecia" or "Plaintiff") hereby brings this action for patent infringement against First National Bank Texas ("FNBT" or "Defendant") alleging infringement of the following validly issued patent (the "Patent-in-Suit"): U.S. Patent No. 8,402,555, titled "Personalized digital media access system (PDMAS)" (the '555 Patent), attached hereto as Exhibit A.

## NATURE OF THE ACTION

2. This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271.

## PARTIES

3. Plaintiff Grecia Estate Holdings LLC is a Limited Liability Company with a principal place of business in Austin, TX.

4. On information and belief, First National Bank Texas incorporated in Texas, having its principal place of business in Killeen, Texas. Defendant may be served at 507 N Gray St, Killeen, TX 76541.

## JURISDICTION AND VENUE

5. This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

6. The Court has personal jurisdiction over Defendant for the following reasons: (1) Defendant is present within or has minimum contacts within the State of Texas and Western District of Texas; (2) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this district; (3) Defendant has sought protection and benefit from the laws of the State of Texas; (4) Defendant regularly conducts business within the State of Texas and within this district, and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this district; and (5) Defendant has a regular and established place of business in the State of Texas and in this district.

7. Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Texas, and the Western District of Texas including but not limited to the products which contain the infringing '555 patent systems and methods as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of Texas and in this district; Defendant solicits and has solicited customers in the State of Texas and in this district; and Defendant has paying customers who are residents of the State of Texas and this district and who each use and have used the Defendant's products and services in the State of Texas and in this district.

8. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §§ 1400(b). Defendant has a regular and established place of business in this district, Defendant has transacted

business in this district, and Defendant has directly and/or indirectly committed acts of patent infringement in this district.

## PATENT-IN-SUIT

9. On March 19, 2013, United States Patent No. 8,402,555 was duly and legally issued by the United States Patent and Trademark Office. The '555 Patent is titled "Personalized digital media access system (PDMAS)."

10. William Grecia is the owner of '555 Patent and has all right, title and interest in the '555 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '555 Patent. Accordingly, Grecia possesses the exclusive right and standing to prosecute the present action for infringement of the '555 Patent by Defendant.

11. The application leading to the '555 patent was filed on February 15, 2012.

12. The present invention relates to the field of digital rights management schemes used by creators of electronic products to protect commercial intellectual property copyrights privy to illegal copying using computerized devices. (Ex. A, at 1:19-22.) More specifically, the present invention teaches a more personal system of digital rights management which employs electronic ID, as part of a web service membership, to manage access rights across a plurality of devices. (Ex. A at 1:22-26.)

13. At the time the '555 patent was filed, there existed various problems in traditional DRM systems. Prior art systems and methods suffered from a few notable shortcomings. For example, in the prior art systems, content providers would terminate access after a set amount of time, or the prior art process would cease if the content provider of the DRM server ceased to offer

services. (Ex. A at 1:51-53.) The inventions disclosed in the '555 patent addressed such problems and were not well-understood, routine, or conventional.

## ACCUSED PRODUCTS

14. Defendant makes, uses, offers for sale and sells in the U.S. products, systems, and/or services that infringe the Patent-in-Suit, including, but not limited to its FNBT & FCB Mobile (collectively, the "Accused Product" or "Accused Instrumentality").

## (Infringement of U.S. Patent No. 8,402,555 Claim 17)

15. Plaintiff incorporates the above paragraphs herein by reference.

16. The '555 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on March 19, 2013. The '555 Patent is presumed valid and enforceable. *See* 35 U.S.C. § 282.

17. Plaintiff is the owner of the '555 patent and possesses all rights of recovery under the '555 patent, including the exclusive right enforce the '555 patent and pursue lawsuits against infringers.

18. Without a license or permission from Plaintiff, Defendant has infringed and continues to infringe Claim 17 of the '555 Patent by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, in violation of 35 U.S.C. § 271.

## Direct Infringement – 35 U.S.C. § 271(a)

19. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

20. Without a license or permission from Plaintiff, Defendant has infringed and continues to directly infringe Claim 17 of the '555 Patent by importing, making, using, offering

for sale, or selling products, systems, and/or services that embody the patented invention, in violation of 35 U.S.C. § 271.

21. Defendant has been and now is directly infringing by, among other things, practicing all of the steps of Claim 17 of the '555 Patent, for example, internal testing, quality assurance, research and development, and troubleshooting. *See Joy Techs., Inc. v. Flakt, Inc*., 6 F.3d 770, 775 (Fed. Cir. 1993); *see also* 35 U.S.C. § 271 (2006).

22. By way of example, Defendant has infringed and continues to infringe Claim 17 of the '555 Patent. Attached hereto as Exhibit B is an exemplary claim chart detailing representative infringement of Claim 17 of the '555 Patent.

23. Claim 17 of the '555 patent teaches "The computer program product of claim 15, wherein the computer program product facilitates access rights authentication for the encrypted digital media, the branding request is an access request, and wherein the read or write request of metadata is performed in connection with a combination of a memory, CPU, server, database, and cloud system; the access request is generated by either a human user, a machine, or a human programmed computerized device; the access request further comprises a membership verification token and a rights token; wherein the rights token is a flag indicating the verification token is successfully verified." (Ex. A at 17:22-34.)

24. Claim 15 of the '555 patent teaches a computer program product for use with a computer, the computer program product comprising a non-transitory computer usable medium having a computer readable program code stored therein for monitoring access to an encrypted digital media, the method facilitating interoperability between a plurality of data processing devices, the computer program product performing the steps of:

> receiving an encrypted digital media access branding request from at least one communications console of the plurality of data

5

> processing devices, the branding request being a read or write request of metadata of the encrypted digital media, the request comprising a membership verification token provided by a first user, corresponding to the encrypted digital media;
>
> authenticating the membership verification token, the authentication being performed in a connection with a token database;
>
> establishing connection with the at least one communications console wherein the communications console is a combination of a graphic user interface (GUI) and an Application Programmable Interface (API) protocol wherein the API is related to a verified web service, the verified web service capable of facilitating a two way data exchange to complete a verification process;
>
> requesting at least one electronic identification reference from the at least one communications console wherein the electronic identification reference comprises a verified web service account identifier of the first user;
>
> receiving the at least one electronic identification reference from the at least one communications console; and
>
> branding metadata of the encrypted digital media by writing the membership verification token and the electronic identification reference into the metadata.

(Ex. A at 16:46-17:11.)

25. FNBT makes, sells, and offers for sale a computer program product is capable of generating an access request to the FNBT account data with a biometric human programmed computerized device. See Exhibit B.

26. The FNBT computer program product is capable of using a human biometric programmed computerized device to write a FNBT user account "Rights Token" to indicate the user's secure biometric verification token is successfully verified for FNBT access. *Id.*

27. The FNBT computer program product is capable of receiving an access write request by receiving a biometric membership verification token through the FNBT communications console (Mobile App). *Id.*

28. The FNBT computer program product is capable of authenticating the biometric membership verification token with a Secure Enclave Credential Management database (iOS) or a AndroidKeyStore database (Android). *Id.*

29. Frost Bank App is capable of authenticating the biometric with a "Credential Management" database. *Id.*

30. The FNBT computer program product is capable of establishing an API communication related to the Frost Bank user account web services. *Id.*

31. The FNBT communications console (e.g., Mobile App) is a combination of a GUI and an API related to the FNBT user account web services. *Id.*

32. The FNBT computer program product is capable of requesting and receiving a FNBT account electronic Identification reference from the Communications Console. *Id.*

33. The FNBT computer program product is capable of writing the association of the biometric device membership verification token and the Frost Bank user account reference to the FNBT app metadata. *Id.*

## Plaintiff Suffered Damages

34. Defendant's acts of infringement of the '555 Patent have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. § 271. Defendant's infringement of Plaintiff's exclusive rights under the '555 Patent will continue to damage Plaintiff causing it irreparable harm for which there is no adequate remedy at law, warranting an injunction from the Court.

## REQUEST FOR RELIEF

WHEREFORE, Grecia Estate Holdings LLC prays for the following relief against First National Bank Texas:

(a) Judgment that First National Bank Texas has directly infringed claim 17 of the '555 patent;

(b) For a reasonable royalty;

(c) For pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

(d) For injunctive relief, including a preliminary injunction; and

(e) For such other and further relief as the Court may deem just and proper.

### Demand for Jury Trial

Grecia Estate Holdings LLC demands a trial by jury on all matters and issues triable by jury.

Respectfully Submitted,

Date: August 10, 2021       By: /s/Artoush Ohanian
                                H. Artoush Ohanian
                                Texas Bar Np\o.
                                artoush@ohanianip.com
                                OHANIANIP
                                604 West 13th Street
                                Austin, Texas 78701
                                (512) 298.2005 (telephone & facsimile)

                                Matthew M. Wawrzyn (*pro hac vice pending*)
                                matt@wawrzynlaw.com
                                WAWRZYN LLC
                                200 East Randolph Street, Suite 5100
                                Chicago, IL 60601
                                (312) 235-3120 (telephone)
                                (312) 233-0063 (facsimile)

                                *Counsel for Grecia Estate Holdings LLC*